**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALTON D. BROWN, | : | Hon. Renée Marie Bumb |
| Plaintiff, | : | Civil No. 08-0743 (RMB) |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

This matter coming before the Court by way of Plaintiff's motion [docket entry #9] for reconsideration of the Order [docket entry #7] denying Plaintiff's application to proceed in forma pauperis, and it appearing that:

1.  On February 14, 2008, Plaintiff Alton D. Brown, a prisoner incarcerated at SCI Graterford in Pennsylvania, executed a "Motion and Declaration in support of Motion to Proceed In Forma Pauperis."  The Clerk of the Court received it on February 15, 2008, and docketed it as a new matter, Brown v. Beard, Civil No. 08-0743, docket entry #1.

2.  On March 18, 2008, the Clerk received three documents from Plaintiff:  a 24-page handwritten document, dated March 11, 2008, labeled "Amended Complaint" in Brown v. Beard, Civil No. 08-0743 (docket entry #3), a one-page document labeled "Plaintiff's 'Amended' Motion for Temporary Restraining Order and Preliminary Injunction" (docket entry #2-2), and an eight-page "Memorandum of Law in Support of Motion for a TRO and Preliminary

Injunction," dated March 12, 2008 (docket entry 2-2).  Plaintiff

seeks a temporary restraining order and preliminary injunction

based on the following alleged threatened irreparable harm:

> This plaintiff has alleged that he is being
> subjected to continuous punishment by the
> defendants in retaliation because of his
> litigious behavior, who also seek to "break"
> his litigious behavior.  The tactics
> [e]mployed have thus far been physical and
> psychological abuse; denial of food (edible);
> subjection to 24-hour lighting, constant
> noise, housing around mentally and
> emotionally disturbed prisoners; unsanitary
> conditions; denial of basic hygienic items
> and showers; denial of clean and adequate
> clothing and bedding; denial of legal and
> personal property; and [illegible] to
> unventilated cell and extreme temperatures.

(Mem. of Law, docket entry 2-2, p. 3.)

    3.  By Order entered September 2, 2008, this Court denied

Plaintiff's application to proceed in forma pauperis, pursuant to

28 U.S.C. § 1915(g), on the ground that, while incarcerated,

Plaintiff has had at least three prior civil actions and/or

appeals dismissed by a court of the United States on the grounds

that it was frivolous, malicious, or failed to state a claim upon

which relief may be granted, see, e.g., Brown v. Brierton, Civil

No. 91-0471 (M.D. Fla. 1991); Brown v. Brierton, C.A. No. 92-2030

(11th Cir. 1992); Brown v. Federal Laboratories, Inc., Civil No.

89-0507 (M.D. Fla. 1989), and the facts set forth in the "Amended

Complaint," "Plaintiff's 'Amended' Motion for Temporary

Restraining Order and Preliminary Injunction," and "Memorandum of

Law in Support of Motion for a TRO and Preliminary Injunction"
did not show that Plaintiff is in imminent danger of serious
physical injury.  See Polanco v. Hopkins, 519 F. 3d 152, 154 n.
3, 155 (2d Cir. 2007) (prisoner was not in imminent danger of
serious physical injury from health risks caused by exposure to
mold in shower or retaliatory discipline consisting of
confinement in the special housing unit, deprivation of a
keeplock shower, denial of therapeutic diet causing weight loss,
exposure to germs which harmed his health that was weakened by
Hepatitis B); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir.
2001).

    4.  On September 17, 2008, Plaintiff filed a motion [docket
entry #9] to reconsider the Order denying in forma pauperis
status.

    5.  A motion for reconsideration may be granted:  (1) to
correct manifest errors of law or fact upon which the judgment
was based; (2) to present newly-discovered or previously
unavailable evidence; (3) to prevent manifest injustice; and (4)
an intervening change in prevailing law.  See North River Ins.
Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995);
Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985),
cert. denied, 476 U.S. 1171 (1986).

    6.  Plaintiff argues that this Court should reconsider the
denial of in forma pauperis status because this Court committed a

3

clear error of law in failing to recognize that Plaintiff's allegations of "ongoing danger" satisfy the "imminent danger" exception under 28 U.S.C. § 1915(g). Specifically, Plaintiff contends:

> This court's ruling is clearly erroneous as it fail[s] to recognize the 'on-going' danger of Plaintiff's situation and based its decision solely on 'imminent danger . . . .' In this case, Plaintiff has alleged a continuous history of beatings, abuse, denial and sabotaging of food, housing in very unsanitary and inhuman conditions, and the sabotaging of his legal efforts, which is done in attempts to punish him and prevent further litigation and in retaliation, and, which has caused serious injuries and has aggravated his preexisting illnesses.

(Motion at pp. 3-4.)

7.   However, the Third Circuit expressly rejected the aforesaid notion when it ruled that "a prisoner's allegation that he faced danger in the past" is sufficient to satisfy § 1915(g)'s imminent danger exception. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Rather, the Third Circuit instructs that "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending [and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Id. at 315, 313.

8.   Plaintiff relies on cases from other circuits for the proposition that allegations of "ongoing danger" are the same as

4

allegations of "imminent danger." For example, Plaintiff cites
Ashley v. Dilworth, 147 F. 3d 715 (8th Cir. 1998). However, the
Eighth Circuit ruled in Ashley that "[a]llegations that the
prisoner has faced imminent danger in the past are insufficient
to trigger this exception to § 1915(g)." Id. at 717. In any
event, this Court is bound to follow Third Circuit precedent.

   9.   Importantly, although Plaintiff has labeled the
misconduct to which he is allegedly subject as "on-going" and
"continuous", (Motion at pp. 3-4), such labels, without more, are
not sufficient to establish imminent future danger, as required
by the Third Circuit. See Abdul-Akbar, 239 F.3d at 311-15.
Accordingly, the Court will not, at this time, revisit its
September 2, 2008 Order denying Plaintiff's application to
proceed in forma pauperis.

   10.   However, the Court is mindful that it must give pro se
litigants every opportunity to satisfy legal requirements of
which they may not be aware. See, e.g., Lee v. Krieg, 227 Fed.
App'x 146, 148 (3d Cir. 2007) ("If [a pro se litigant] . . .
ma[kes] a procedural mistake . . . , it would seem appropriate to
notify him of the mistake and dismiss the . . . complaint without
prejudice to his filing a motion to re-open [the case].").
Accordingly, the Court will grant-in-part the motion for
reconsideration by denying Plaintiff's in forma pauperis
application without prejudice. Plaintiff may, within 30 days of

5

entry of this Order, submit another <u>in forma pauperis</u> application
that states facts establishing a threat of imminent future danger
as required by the Third Circuit.  <u>See</u> <u>Abdul-Akbar</u>, 239 F.3d at
311-15.

   11.  An appropriate Order accompanies this Memorandum
Opinion.


                          <u>s/Renée Marie Bumb          </u>
                          **RENÉE MARIE BUMB**
                          **United States District Judge**

Dated:   <u>September 24, 2009</u>

6