```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA
```

|                          |   |                            |
|--------------------------|---|----------------------------|
| ALTON D. BROWN,          | : | Hon. Renée Marie Bumb      |
|           Plaintiff,     | : | Civil No. 08-0743 (RMB)    |
|           v.             | : |                            |
|                          | : | **MEMORANDUM OPINION**     |
| JEFFREY A. BEARD, et al.,| : |                            |
|           Defendants.    | : |                            |

This matter coming before the Court by way of Plaintiff's re-application to proceed in forma pauperis (docket entry #14), and it appearing that:

1. On February 14, 2008, Plaintiff, a prisoner incarcerated at SCI Graterford, executed a "Motion and Declaration in support of Motion to Proceed In Forma Pauperis." On March 18, 2008, the Clerk received from Plaintiff a 24-page handwritten document, dated March 11, 2008, labeled "Amended Complaint" (docket entry #3), a document labeled "Plaintiff's 'Amended' Motion for Temporary Restraining Order and Preliminary Injunction" (docket entry #2-2), and a "Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction," dated March 12, 2008 (docket entry 2-2). Plaintiff sought a temporary restraining order based on the following alleged threatened irreparable harm:

> This plaintiff has alleged that he is being
> subjected to continuous punishment by the
> defendants in retaliation because of his
> litigious behavior, who also seek to "break"
> his litigious behavior. The tactics
> [e]mployed have thus far been physical and
> psychological abuse; denial of food (edible);

> subjection to 24-hour lighting, constant
> noise, housing around mentally and
> emotionally disturbed prisoners; unsanitary
> conditions; denial of basic hygienic items
> and showers; denial of clean and adequate
> clothing and bedding; denial of legal and
> personal property; and [illegible] to
> unventilated cell and extreme temperatures.

(Mem. of Law, docket entry 2-2, p. 3.)

2. By Order entered September 2, 2008, this Court denied Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), on the ground that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, see, e.g., Brown v. Brierton, Civil No. 91-0471 (M.D. Fla. 1991); Brown v. Brierton, C.A. No. 92-2030 (11th Cir. 1992); Brown v. Federal Laboratories, Inc., Civil No. 89-0507 (M.D. Fla. 1989), and the facts set forth in Plaintiff's various submissions did not show that Plaintiff was in imminent danger of serious physical injury.

3. On September 17, 2008, Plaintiff filed a motion [docket entry #9] to reconsider the Order denying in forma pauperis status. Plaintiff asserted the following:

> This court's ruling is clearly erroneous as
> it fail[s] to recognize the 'on-going' danger
> of Plaintiff's situation and based its
> decision solely on 'imminent danger . . . .'
> In this case, Plaintiff has alleged a
> continuous history of beatings, abuse, denial
> and sabotaging of food, housing in very

2

> unsanitary and inhuman conditions, and the
> sabotaging of his legal efforts, which is
> done in attempts to punish him and prevent
> further litigation and in retaliation, and,
> which has caused serious injuries and has
> aggravated his preexisting illnesses.

(Motion at pp. 3-4.)

4. By Order and Memorandum Opinion entered September 24, 2009, this Court denied Plaintiff's application to proceed in forma pauperis without prejudice but granted Plaintiff 30 days to submit another in forma pauperis application stating facts showing that Plaintiff is under imminent danger of serious physical injury.

5. On January 6, 2010, Plaintiff filed a motion for an enlargement of time to comply with the aforesaid Order. By Order entered January 6, 2010, this Court granted Plaintiff 30 additional days to show imminent danger of serious physical injury.

6. On February 17, 2010, Plaintiff filed a 19-page declaration. (Docket entry #14.) Plaintiff asserts that he was diagnosed with Hepatitis C in May 2000, while incarcerated at SCI Pittsburgh. Plaintiff further states that he has suffered with post traumatic stress disorder since 1997. The first 16 pages of the declaration describe the symptoms and progression of Hepatitis C and post-traumatic stress disorder. The final three pages contain the following allegations of imminent danger of serious physical injury:

Plaintiff is in imminent and ongoing danger of serious physical, psychological, and emotional harm for the following reasons:

(a) The retaliatory tactics employed against Plaintiff by defendants and their agents are preventing him from prolonging his liver life by fighting off the adverse effects/destruction caused by HCV, thereby subjecting him to premature death; which is achieved by their refusal to provide adequate and sanitary diet, denying access to a licensed nutritionist or dietician for specific dietary recommendation, causing excessive stress (causing Plaintiff's heart rate and blood pressure to increase, and triggering emotional feelings of anxiety, fear, insecurity and anger.

(b) The stress caused also places Plaintiff in danger of increasing the seriousness of his heart disease . . . , having a stoke, and continued depression of his immune functions.

(c) Preventing Plaintiff from obtaining adequate amounts of sleep has intensified his depressed and anxious feelings, creating a vicious cycle, thereby adversely effecting the proper functioning of his immune system.

(d) Deny regular exercise (indirectly) by denying adequate meals, which decreases energy or desire to exercise, which in turn has adverse effects on his good health (see paragraph #9).

(e) Continuously denying Plaintiff a multivitamin in order to prevent obtaining the daily vitamins denied by the inadequate meals, which further prevents him from fighting off his disease, HCV.

(f) Denying regular health check ups, including a liver enzyme test.

(g) Denying vaccination against hepatitis A & B, which can be deadly to HCV patients, while continuously subjecting him to unsanitary living conditions and food.

(h) Just during the past thirty-days, Plaintiff has experienced two (2) vicious HCV attacks in the form of

flu symptoms; and, is experiencing abdomen and liver
pain that is progressively intensifying.

(I) Provides Plaintiff with a diet that is high in fat
content, [illegible] fruits and vegetables, and
contains large amounts of processed foods.

(j) Plaintiff's HCV is chronic and he constantly
worries about the like of treatment, premature death,
damage to his liver that he cannot stop, and being
prevented from obtaining a ripe age.

(k) Plaintiff have intense fears of contacting
cirrhosis of the liver and/or liver cancer, which he
feels is unavoidable, as he has been experiencing some
effects of HCV for years (fatigue, frequent urination,
joint pain, irritable bowel syndrome, indigestion), and
has recently begun to experience flu-like illness,
depression, mood swings, liver pain, and loss of
appetite.

(l) Plaintiff contacted Posttraumatic Stress Disorder
shortly after his arrest during 1997 as a result of
abuse and torture, both physical and mental, by police
and D.O.C. staff, which is being constantly aggravated
by Defendants during implementation of their
retaliatory acts . . . , causing this condition to
worsen, and causing him to suffer flashbacks, severe
emotional anesthesia, inability to feel emotions,
nightmares, irritability, outbursts of anger,
hostility, despair, and threats of other serious
illness.

(m) Plaintiff has been, and continues to be in danger
worsening his diseases due to the adverse effects of
long term isolation confinement, which is used as a
retaliatory tool by defendants . . . , which is
verified by the Amended Complaint.

(n) Plaintiff has been confined in isolation his entire
twelve (12) years of incarceration, and has been
continuously informed by defendants, recently,
Defendant Whits, that he will rot in the hole if he
does not discontinue his "paperwork," which Plaintiff
has no intentions of doing until he obtains relief and
redress.

(Docket entry #14 at pp. 17-19.)

7. The PLRA provides: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(b).

8. Because it is undisputed that Plaintiff has had three qualifying dismissals, this Court may not grant his application to proceed in forma pauperis unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(b).

9. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar v. McKelvie, 239 F. 3d 307, 315 (3d Cir. 2001). "[A] prisoner's allegation that he faced danger in the past" does not satisfy § 1915(g)'s imminent danger exception. Id. at 311.

10. The facts set forth in Plaintiff's declaration establish that Hepatitis C is a progressive and chronic disease of the liver; Plaintiff has been suffering with Hepatitis C and post-traumatic stress disorder for over 10 years; although his illness has not progressed to cirrhosis, Plaintiff's health has been declining over the years, allegedly in part because he does not eat a diet that is the optimum one for people with Hepatitis

C(organic food) and he does not take vitamin supplements. While Plaintiff has shown that life in prison is stressful and that a prison is not the best place for a person with Hepatitis C, Plaintiff has not shown that the health risks he faces are imminent. Unless this Court requires abusive filers, such as Plaintiff, to demonstrate imminence of the alleged danger, "any time that an otherwise disqualified prisoner alleges that any threat of physical injury occurred at any time, that prisoner [would] automatically qualif[y] for the imminent danger exception. [This] interpretation of the . . . exception thereby swallows the rule . . . . [W]e refuse to conclude that with one hand Congress intended to enact a statutory rule . . . but, with the other hand, it engrafted an open-ended exception that would eviscerate the rule." Abdul-Akbar, 239 F. 3d at 315.

11. Plaintiff is no stranger to being denied in forma pauperis status. For example, on February 23, 2009, the United States Supreme Court denied his motion to proceed in forma pauperis: "As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1." Brown v. Pennsylvania Dept. of Corrections, 129 S. Ct. 1405 (2009); see also Brown v. Blaine, C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (denying IFP

status pursuant to § 1915(g)); <u>Brown v. Blaine</u>, C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); <u>Brown v. Beard</u>, 492 F. Supp. 2d 474 (E.D. Pa. 2007) (Brown's allegations that he is not being provided a diet appropriate for a prisoner with Hepatitis C, he had a heart attack in 2005, he has high cholesterol, irregular heartbeat, high blood pressure, and low blood sugar, and that the stress of incarceration contributes to his health risks, do not allege imminent danger of serious physical injury under § 1915(g)).

12. As Plaintiff has not shown that the dangers he faces are imminent, this Court will deny <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915(g). <u>Compare</u> <u>Ibrahim v. District of Columbia</u>, 463 F. 3d 3 (C.A.D.C. 2006) (applying imminent danger exception where the prisoner described in detail the denial of medical treatment for Hepatitis C by named persons on specific dates) <u>with</u> <u>Mitchell v. Federal Bureau of Prisons</u>, 587 F. 3d 415, 422 C.A.D.C. 2009) (where prisoner asserts that he needs medical treatment for Hepatitis C and B, "but he never tells us when he asked for assistance, what kind of treatment he requested, who he asked, or who denied it[, and] he never even clearly states that medical attention was actually denied," allegations did not establish both the imminence and the dangerousness of the threat posed by his Hepatitis C and B); <u>see also</u> <u>Polanco v. Hopkins</u>, 519 F. 3d 152, 154 n. 3, 155 (2d Cir. 2007) (prisoner was not in

8

imminent danger of serious physical injury from health risks caused by exposure to mold in shower, retaliatory discipline consisting of confinement in the special housing unit, deprivation of a keeplock shower, denial of therapeutic diet causing weight loss, and exposure to germs which harmed his health that was weakened by Hepatitis B).

    13. An appropriate Order accompanies this Memorandum Opinion.

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**

Dated:   March 25, 2010